### UNITED STATES *v.* WILLIAMSON.

An officer of the army who is ordered, even on his own request, to proceed to a particular place, including his home, and "there *await orders,*" reporting thence by letter to the Adjutant-General of the Army and to the headquarters of the department to which he then belongs, is not an officer "absent from duty with leave" within the act of Congress of March 3d, 1863, which enacts that "any officer absent from duty with leave, except from sickness or wounds, shall during his absence receive half of the pay and allowances prescribed by law, and no more." Such an officer is waiting orders in pursuance of law, but not absent from duty on leave.

APPEAL from the Court of Claims. The case was thus:

An act of March 3d, 1863,† relating to the government of the army, enacts—

"That any officer absent from duty with leave, except for sickness or wounds, shall, during his absence, receive half of the pay and allowances prescribed by law and no more."

---

\* 6 Howard, 201.                                    † 12 Stat. at Large, 736.

This statute being in force, Williamson was commissioned as a captain in the Forty-second Infantry to rank from January 22d, 1867; and served as captain in that regiment until it was consolidated with the Sixth Infantry. This consolidation was effected by General Orders Nos. 16 and 17, series of 1869, from headquarters of the army.

General Order No. 16 was issued in compliance with the second section of an act of Congress of March 3d, 1869,* by which the infantry regiments were required to be consolidated, and the whole number reduced to twenty-five regiments.

This order, after requiring the consolidation of infantry regiments as directed in the act of Congress, further directed that the senior company officers of each grade present for duty with any two regiments to be consolidated and fit for active service, would be the officers of the consolidated regiment. The supernumerary officers were to be ordered to their homes to await further orders.

The order further provided that all vacancies that might thereafter occur in the twenty-five infantry regiments would be filled by assignment of the senior officers of the same grade from the list of officers awaiting orders.

General Order No. 17 provided that the company officers would be assigned as directed in General Order No. 16, from the senior officers present and fit for active service with any two regiments consolidated; but " should any of the officers so assigned "—said the order—" prefer *to await orders*, the senior officers of the grade desiring service with their regiments may be substituted for them."

It provided further:

" No applications can be entertained from officers ' awaiting orders,' or on the ' retired list,' for special duty. If their services are required they will be detailed without applying."

After the consolidation of the Forty-second Regiment with the Sixth, Williamson, on the 22d of April, 1869, was

---

* 15 Stat. at Large, 318.

regularly assigned as captain of company H, in the Sixth Consolidated Regiment, and on the 20th of May following he joined his company.   On the 29th of the same month he was regularly transferred from that company to company A, *vice* Captain Bailey, unfit for active service.

It did not appear that Captain Williamson ever joined company A, to which he was transferred.   Soon after his transfer, being then at Fort Gibson, Cherokee Nation, he addressed, May 3d, 1869, a note to the Adjutant-General of the Department of Missouri—the proper department for him to address—by which, "in accordance with paragraph 3, General Order No. 17, current series, headquarters of the army," he "elected to be placed on waiting orders."

On the 21st of June, 1869, the Adjutant-General responded to the claimant's request, as follows:

"By authority of the General of the Army, Captain Williamson, Sixth United States Infantry, is, at his request, relieved from duty in this department, and will proceed to his home and *await orders, reporting thence by letter to the Adjutant-General of the Army, and to these headquarters.*"

Captain Williamson was mustered out of service on the 31st of December, 1870.

From the 15th of December, 1869, to the 31st December, 1870, he received at the rate of $165 per month, the rate fixed by Congress as the pay of a captain of infantry, less than full pay by $690.11.   For this sum of $690.11 he brought suit against the United States in the Court of Claims.

The court awarded to him the amount claimed, and the United States appealed to this court.

*Mr. G. H. Williams, Attorney-General, and Mr. John Goforth, Assistant Attorney-General, for the United States:*

It was at his own request that Captain Williamson was relieved from duty, *i. e.,* from command of a company in the Sixth Regiment of Infantry, and from that time up to December 31st, 1870, the date when he was mustered out of

service, he was absent from duty, ceasing to perform any military service or to actively exercise the functions or authority of an officer of the army of the United States.

He was absent from duty with leave, being neither sick nor wounded; whether he technically asked for a leave of absence *eo nomine*, or whether, within the spirit of the law, he elected to be placed on waiting orders. The act itself merely says, " absent from duty with leave;" absent—not necessarily by means of " a leave of absence," so called, but absent from duty with leave, howsoever that absence from duty was accomplished, if according to law and the regulations. There can be but two classes of officers under this head: those who are actively performing military duties, *i. e.,* in charge of some military business, and those from whom all functions of a military character are withheld by the operation of absence from duty. Here there was an officer placed in command of a company of infantry—that is to say, ordered to the performance of military service—who elected to be placed on waiting orders, *i. e.,* to be absent from all such duties, and he now demands the same pay and allowances when his request is acceded to that he would have been entitled to had he been actually and actively on duty. The act of March 3d, 1863, says that in case of absence he shall receive " but half of the pay and allowances prescribed by law, and no more," and, as he has received these, he has no further claim on the United States.

*Mr. H. E. Paine, contra.*

Mr. Justice HUNT delivered the opinion of the court.

The argument against the allowance of full pay is based upon the act of March 3d, 1863, which provides " that any officer absent from duty with leave, except from sickness or wounds, shall during his absence, receive half of the pay and allowances prescribed by law, and no more." Captain Williamson, it is said, was, during the period in question, absent from duty with leave, being neither sick nor wounded, and hence, it is said, can receive but half-pay, however that

absence might have been caused.   This argument is unsound.

The distinction between the case of an officer "absent from duty with leave" and that of an officer ordered to proceed to a particular place and there "to await orders, reporting thence by letter to the Adjutant-General of the Army and to these headquarters," is too plain to require much comment.

While absent from duty "with leave," the officer is at liberty to go where he will during the permitted absence, to employ his time as he pleases, and to surrender his leave if he chooses.  If he reports himself at the expiration of his leave, it is all that can be asked of him.

The obligations of an officer directed to proceed to a place specified, there to await orders, are quite different.   It is his duty to go to that place and to remain at that place.   He cannot go elsewhere; he cannot return until ordered.   He is as much under orders, and can no more question the duty of obedience than if ordered to an ambush to lie in wait for the enemy, to march to the front by a particular direction, or to the rear by a specified time.

The authority to give leave of absence is committed by law to particular persons; the mode of making the application for leave is pointed out and the maximum of its duration is prescribed.*   A department commander can grant leave of absence for a period not exceeding sixty days.   Applications for leave exceeding four months must be referred to the War Department.

The direction, on the other hand, to proceed to a particular place, there to await orders, how long to remain there, to attack, to retreat, or to do any other specified thing, belongs to the officer in charge.

That the assignment was made at the request of the officer can make no difference.   The pay is regulated by the position, and not by the manner or influence by which the position is acquired.

* Army Register, 1863, Article 21, adopted by the act of July 28th, 1866.

Captain Williamson was ordered by the Adjutant-General of the Department of Missouri, by authority of the General of the Army, to proceed to his home and await orders, reporting thence by letter to the Adjutant-General of the Army, and to these headquarters.

The power to make this assignment was a portion of the executive authority, and was vested in the commander of the army. Captain Williamson was not only justified in obeying this order, but it was his duty to obey it. It was his duty to proceed at once to his home, there to remain, subject to orders to be communicated to him. He was expressly required by general order to make no application for special duty, but was informed that if his services were required a detail would be made without his application. He did proceed to his home and there remained waiting for orders until he was mustered out of the service. He was waiting orders, in pursuance of law, but was not absent from duty on leave.

It is not in the power of the executive department, or any branch of it, to reduce the pay of an officer of the army. The regulation of the compensation of the officers of the army belongs to the legislative department of the government. Congress has fixed the pay of a captain of infantry at $165 per month. The deduction of one-half of the amount, when absent from duty on leave, is not applicable to the case of Captain Williamson. He is entitled to his full pay as a captain of infantry. The Court of Claims has done right, therefore, in giving its award in his favor for the amount withheld, and its judgment is

AFFIRMED.