Richardson, Ch. J.,
delivered the opinion of the court:
The matter involved in this case was transmitted to the court by the Secretary of War, under like circumstances as was the matter of the travel pay of Major Billings, recently decided (23 O. Cls. B., 166).
Some of the questions involved are the same as in that case, and our views in relation to them, having been fully expressed, we shall not now repeat.
The only question to be decided is whether or not an officer belonging to a battery designated by the President to be mounted and equipped as an “ additional light battery,” under-section 1101 of the Bevised Statutes, is entitled to pay as a mounted officer from the time of such designation and organization and his actual service therein, and before the battery is-fully equipped.
General Order No. 18 of March 12,1880, requires that— ’
“ Other [additional] light batteries of artillery which may be designated by the President, under section 110Í, Bevised Statutes, and equipped as such, will have the organization of a light battery, except the additional second lieutenant, and the-officers thereof actually serving with the light batteries will be mounted.”
By the Act of February 12, 1877, chapter 19 (Supplement to Bev. Stats., 268), section 1270 is amended by adding this proviso :
“ Officers of the Army and of volunteers, assigned to duty which requires them to be mounted, shall, during the time they *298 are so employed on such duty, receive the pay, emoluments, and allowances of cavalry officers of the same grade, respectively.”
In our opinion, when an officer belongs to a battery which is designated by the Presidentas a “ light battery,” in which the •officers are required to be mounted, and actually serves with ■such battery, or is assigned to duty which requires him to be mounted, he is entitled to mounted pay during the time he is so employed on such duty, from the day of such designation or assignment, whether or not the battery be fully equipped, or he be actually mounted till a later date.
A mounted officer within the meaning of the pay statute (Rev. Stat., § 1261) is one who by statute, regulations, or army organization is required to be mounted at his own expense, whether he or his company be fully equipped or not.
The salary pay of officers of the Army is given for services -required, as is, ordinarily, that of all other salaried officers of the Government; to be forfeited only in cases where so prescribed by law (Rev. Stat., §§ 1265,1266; Williamson’s Case, 23 Wall., 411, 416).
There are so many circumstances connected with the exigencies of the service or the conveniences of the War Department which may cause delay in the full equipment of a company or battery, and so many accidents for which the officers are not responsible, by which they may temporarily be deprived of their horses when required to have them, that the pay of officers is not made dependent upon the mere fact of their being all the time actually mounted, nor upon their company being fully equipped.
On the other hand, officers may sometimes be mounted under such circumstances that they are not, in military organization, regarded as mounted officers, and are not entitled to pay as such. This court held in Forbes’s Case (17 O.' Cls. R., 132), reaffirmed in Carter’s Case (22 O. Cls. R., 74), that officers of infantry, mounted by permission of the War Department, with captured horses, with no expense to themselves for horses or equipments, were not entitled to pay as mounted officers.
First Lieutenant Harrold was serving with his battery when he was required to be mounted, and he was entitled to mounted pay from the date of such requirement. He received from the *299 paymaster no more than he was entitled to, and is not in arrears on account of the $84.77 stated in the findings.
The clerk will certify a copy of these findings of fact, conclusions of law, and opinion to the Secretary of War for his guidance and action.