Howry, J.,
delivered the opinion of the court:
The question presented by this record is whether a surgeon in the Navy on recruiting service was entitled to commutation of quarters from December 10, 1900, to March 2,1901.
The thirteenth section of the navy personnel act of March 3, 1899 (30 Stat. L., 1007), provides “That such officers” (referring to commissioned officers of the line of the Navy and of the Medical and Pay corps) “ when on shore shall receive the allowances, but fifteen per centum less pay than when on sea duty,” as are or may be provided by or in pursuance of law for the officers of corresponding rank in the Army. At the time of the passage of this act no restrictions of any kind existed in the statutes providing for commutation of quarters to officers of the Army on duty without troops, nor is there any such restriction in the statutes now.
The acts of June 18, 1878 (20 Stat. L., 145), and June 23, *319 1879 (21 icl., 30), provide “ That at all places where there are no public quarters, commutation therefor may be paid.”
Section 1336 of the Army Regulations provides that “An officer on duty without troops at a station where there are no public quarters, or where the public quarters are inadequate, is entitled to compensation therefor at established rates.”
The converse of the regulation was uniformly held by the Secretary of War .to be that officers on duty “ with troops ” are not entitled to commutation of quarters. The statutes never enlarged the regulation, but permitted the War Department to determine the conditions under which the commutation might be allowed. (Hunt v. United States, 38 C. Cls. R., 704.)
Prior to October 6, 1900, officers upon recruiting service were held by the Secretary of War to be on duty “ without troops,” and therefore entitled to commutation of quarters. But on that day the Comptroller of the Treasury decided that “ an officer of the Army who is on duty with one or more enlisted men is on duty with troops, and is not entitled to commutation of quarters.”
By the act of March 2, 1901 (31 Stat. L., 901), it was enacted that—
“ The Secretary of War may determine what shall constitute travel and duty without troops within the meaning of the laws governing the payment of mileage and -commutation of quarters to officers of the Army.”
Thereupon the Secretary of War issued a general order to the effect that—
“ Officers on duty in the War Department, at Army and other general headquarters, attending surgeons and other officers on duty in cities and other places where public quarters are not furnished and where enlisted men are on duty only as guards, orderlies, clerks, and messengers, and recruiting officers at city stations are regarded as being on duty ‘ without troops ’ within the meaning of the laws and regulations.”
If the act of March 2, 1901 (supra), made any change in existing laws respecting commutation of quarters, claimant would be precluded from relying upon the construction given by the Secretary of War .as to what constituted duty without troops. The act would not in such case have any retroactive *320 effect in favor of the commutation claimed. But there was no change in the law existing at the time of the passage of the act as to what constituted duty without troops. Regarding the act of March 2, 1901, then, as simply the expression of Congress to have definitely determined the issue raised by the accounting officers and to make certain that which the Treasury ruling made uncertain, we must determine the matter upon the law as expressed in the acts of 1878 and 1879 and the regulation made pursuant to those acts.
There is nothing in the acts providing commutation which limits the right to quarters to cases where officers are without troops. The original construction given by the Secretary of War to those acts was, however, a proper subject of regulation. It was clearly never designed to provide-an officer of the line with commutation when serving in the field or with his command at a fort or in barracks. The regulation was, under the statute, intended to apply to those cases where such officers were on detached service under orders and where quarters in kind were reasonably necessary for the good of the service. Under the regulation an officer would not have necessarily to be serving with armed soldiers in order to be serving with troops, as explained in Harold's case (23 C. Cls. R., 295). But it was necessary for the officer to be detached from his command by proper authority.
Applying the laws governing pay and allowances of the Army to the Navy by analogy under the personnel act (supra), we find that the claimant was on detached duty endeavoring to secure recruits for the service. By law he could exercise no military command, because he belonged to the Medical Corps (sec. 1488, Rev. Stat.). As a matter of fact, he was exercising no command. His mission was to obtain recruits for service elsewhere than the place assigned to him to recruit the service. The court is of opinion that such an officer is entitled to quarters whilst engaged in such service, and the commutation follows in lieu of the quarters not provided.
Judgment will be entered for the claimant in the sum of $132.80.