GRAham, Judge,
delivered the opinion of the court:
Bear Admiral Bullard, being in command of the Yangtze patrol force, Asiatic Fleet, on the coast of China, was, on July 22, 1922, ordered detached from that duty ancl to proceed to his home at Charles Town, W. Va., and await orders. His wife was accompanying him and was at Shanghai, China, and. traveled with him to their home at Charles Town. No transportation was furnished him for his wife by the Government. He paid it himself in the sum of $424.78. Beimbursement of this amount was made him shortly after the performance of the travel by order of the Secretary of the Navy under advice of the Judge Advocate General. Three years later it was checked against him and taken out of his pay; hence this suit.
Sec. 12 of the act of May 18, 1920 (41 Stat. 604), provides :
“ That hereafter when any commissioned officer, noncom-missioned officer of the grade of color sergeant and above, including any noncommissioned officer of the Marine Corps of corresponding grade, warrant officer, chief petty officer, or petty officer (first class), having a wife or dependent child or children, is ordered to make a permanent change of station, the United States shall furnish transportation in kind from funds appropriated for tbie transportation of the Army, the Navy, the Marine Corps, the Coast Guard, the Coast and Geodetic Survey, and the Public Health Service to his new station for the wife and dependent child or children.”
This act was amended by the act of June 10,1922 (42 Stat. 631), which authorizes, in lieu of the transportation in kind provided by the act of May 18, 1920, the payment in money of amounts equal to the commercial transportation costs when the travel shall have been completed.
The question here is, Did the order given Admiral Bullard constitute a permanent change of station within the meaning of the statute ? The statute defines “ permanent station ” *267 as a shore station or the home yard of a vessel. In this case the decedent was detached from duty and ordered “ to proceed to his home and await orders.” The question having arisen as to whether an order detaching an officer from a permanent station and ordering him to his home to await orders was a permanent change of station within the meaning of the statute, the Secretary of the Navy resolved the doubt by the following order:
“An officer detached from duty and ordered to his home to await orders is ordered to make a permanent change of station and transportation of wife and children is authorized.”
It is not necessary to discuss the reasonableness of this order. We do not say it was unreasonable. It is enough that the question whether the change ordered in this case and other cases like it amounted to a permanent change of station within the meaning of the statute was at least doubtful, and where the meaning of a statute is doubtful the construction by the department to which is intrusted the execution of the statute is entitled to great weight, and, unless clearly erroneous, will be upheld. (United States v. Philbrick, 120 U. S. 52, 59; National Lead Co. v. United States, 252 U. S. 140, 145.)
It is clear that an officer ordered from a permanent station to another station, or even to his home, “to await orders,” is under orders at a station waiting to receive further orders. He is required to remain at a particular place to await orders and his duty is to go to that place and remain there. He can not go elsewhere. His station has been permanently changed. His post is where ordered, and there he must stand ready to obey such further orders as he may receive, and subject to further assignment. The fact that the place to which decedent was ordered to proceed was his home does not alter the situation. (United States v. Williamson, 23 Wall. 411, 415; 10 C. Cls. 50, 61; United States v. Lippitt, 100 U. S. 663.)
The question in this case was referred by the .Secretary of the Navy to the Attorney General for an opinion (34 Opins. Atty. Gen. 346, 352), and the Attorney General reached the same conclusion that has been reached by this *268 court. Judgment should be entered for the plaintiff in the sum named in the petition and it is so ordered.
Sinnott, Judge; Green, Judge; Moss, Judge ■ and Booth, Chief Justice, concur.