Argued March 24; affirmed April 19, 1932

# SLOAN, FOR USE OF CITY OF PORTLAND, *v.* BAKER ET AL.

### (10 P. (2d) 362)

*R. A. Imlay* and *Frank S. Grant,* both of Portland (L. E. Latourette, of Portland, on the brief), for appellant.

*J. F. Boothe,* of Portland, for respondent.

KELLY, J. In his brief, defendant says:

"There is but one question in this appeal. Was the Mayor entitled to his salary for the period in excess of thirty days that he was necessarily out of the city in the performance of the duties imposed by Ordinance No. 60608?"

■ Defendant's answer nowhere alleges that it necessarily required any given length of time to comply with the terms of said ordinance No. 60608. Moreover, a careful reading of this ordinance fails to disclose the nature of the duties enjoined upon the defendant except to visit Paris as the guest of the French government. Nowhere in the said answer is it alleged that it required more than thirty days to make that visit.

Ordinance No. 60860 directed the defendant to remain in Europe for an additional thirty days for the purpose of visiting other sections of Europe. The answer does not inform us as to the length of time required or occupied in doing this. Neither is any duty imposed upon defendant by this later ordinance.

As stated, defendant alleges that he made the trip in the interest of and for the benefit of the city of Portland in acquiring information regarding municipal affairs, in the dissemination of information regarding the city of Portland and its resources, and in the establishment of friendly contact with other cities in the United States and in Europe. What information he acquired and disseminated is not disclosed. Neither is it disclosed as to the particular cities with which he established friendly contact. In a word, the pleading affords no basis upon which it may be determined whether or not a period in excess of thirty days was necessary to accomplish that which the defendant actually did accomplish.

Without any indication as to what was ordered and without any definite statement as to what was attained, it is impossible to say that defendant was necessarily detained away from his city more than thirty days.

This being so, the question involved herein is reduced to whether or not the defendant is entitled to his salary for the period in excess of thirty days that he was actually out of or absent from the city.

In section 29 of the charter of the city of Portland, it is declared that, "The pay of the Mayor  *  *  * shall cease after thirty (30) days' absence from the city."

In his brief, defendant says:

"That the 'absence' and 'leave of absence' referred to in section 29 have nothing to do with a case where the Mayor or a member of the Council is absent by direction of the Council on official business."

For the reasons just stated, the case at bar does not present the question of the rights which maintain where official business requires a longer absence than thirty days. The ordinance does not direct the transaction of any business. The answer does not allege the time necessarily required to do that which it is alleged in general terms actually was done by the defendant for the city.

"A municipal corporation possesses and can exercise first, all powers granted in express terms consistent with the United States Constitution, treaties and laws and the state constitution and general laws of the state; second, certain implied or incidental powers, in like manner consistent (1) necessarily arising from those expressly granted, or (2) those essential to give effect to powers expressly granted, or (3) those recognized as pertaining or indispensable to local civil government, to enable it to fulfill the objects and purposes of its creation.

"As relates to the exercise of powers it is generally regarded that municipal corporations have none of the

elements of sovereignty, that they cannot go beyond the powers granted them, and that they must exercise such granted powers in a reasonable manner. These are legal propositions well settled, and are everywhere enforced by judicial judgments. As put by Chief Justice Marshall: 'A corporation being a mere creature of the law, possesses only those properties which the charter confers upon it, either expressly or as incidental to its very existence.' '' 1 McQuillan Municipal Corporations, (2d Ed.) Section 367.

Section 10 of Article I of the Constitution of the United States declares that no state shall enter into any treaty, alliance, or confederation; nor, without the consent of Congress, enter into any agreement or compact with another state, or with a foreign power.

■ In view of this inhibition, it cannot be said that there is implied authority on the part of a municipality of a state to assume ambassadorial relations either with municipalities of other states or with foreign governments.

It is not suggested that, pursuant to said ordinances, inquiry into the causes which have brought about good urban conditions in the leading centers of Europe should be, or actually was, made.

■ Unquestionably, the ordinances were proper as leaves of absence of defendant from the city; but we can find no justification for holding that their enactment nullified the provision of the charter limiting the period of absence with pay to thirty days.

■ Defendant construes the term ''absence from the city'' as meaning absence from duty; and, as illustrative of the distinction between absence from duty and absence on duty, cites the case of *United States v. Williamson,* 23 Wall. 411 (23 L. Ed. 89). In that case Captain Williamson, an army officer, was ordered to proceed to his home and there to await orders. No question could be raised as to the authority of William-

son's superior officer to make such order. Disobedience of the same by Williamson would have subjected him to discipline. On the other hand, no one would contend that the council of the city of Portland had or could have authority to direct the mayor of the city to go anywhere merely to await further orders. Certainly, neither of the ordinances under consideration so direct. Except, that one mentions Paris, as the place to be visited, and the other refers to Europe, as the place in which defendant may remain for the purpose of visiting other sections thereof, no order or command of any kind is set forth and no duty enjoined upon defendant.

Defendant suggests that, because section 72 of the charter prohibits the allowance of any demand by the auditor in favor of any officer or employee for the time he shall have absented himself without legal cause or duly granted leave of absence from the duties of his office during office hours, it is to be considered that at the time the charter was drawn, the framers thereof and the voters understood the term, "Absence from the city" to mean "absence from duty." We are unable to concur in this view.

Defendant urges that, by giving to the clause of the charter under consideration the meaning its terms imply, namely, that absence from the city with leave for more than thirty days deprives the mayor of his salary for the duration of his absence in excess of thirty days, we impress upon the ordinance, directing such absence, the character of an attempt to deprive the mayor of his services without just compensation, which is a violation of section 18, Article 1 of the State Constitution. It is to be noted, however, that this result ensues only when the ordinance is construed as directing the performance of a duty. When

construed as only permissive in its nature or in other words merely a leave of absence, this constitutional objection is obviated. Legislation is not to be given a construction which renders it unconstitutional if any other construction be possible. To this end the ordinance and the provision of the charter are clearly susceptible of being construed in the light of the constitutional provision just mentioned, to mean that, if the performance of the duty enjoined by the ordinance requires absence from the city for a period of more than thirty days, such ordinance confers only the right or privilege upon such mayor or commissioners at his or their option, to perform the duty thus attempted to be imposed, and, if in the performance thereof, they are absent from the city for more than thirty days, that part of their services which is performed, while so continuously absent after the expiration of thirty days of prior absence, shall be deemed to be performed gratuitously.

No member of this court would minimize the value to Portland and to Oregon of the publicity Mayor Baker's European trip engendered. The entire court also fully recognizes the splendid service he has rendered during his tenure as mayor of Portland. If these considerations could avail in the case at bar, rendering a decision herein would be both easy and pleasant. Our duty, however, like that of the learned trial judge, is confined to a construction of the law as it is and not as we would wish it to be. That construction leads to an affirmance of the judgment of the circuit court.

Affirmed.

CAMPBELL, BROWN and RAND, JJ., concur.

BEAN, C. J., BELT and ROSSMAN, JJ., did not participate in this decision.