Green, Judge,
delivered the opinion:
The plaintiff, a lieutenant commander in the Navy, while in the naval hospital at San Diego, California, was ordered to proceed to his home and await orders. He requested transportation for his dependents, which was refused. He accordingly paid the expenses of his dependent wife and son to accompany him to his home, and now seeks to recover the amount so paid as a transportation allowance.
The parties agree that an officer of the United States Navy is entitled to receive transportation for his dependents when *529 be is ordered to make a permanent change of station. See 34 Op. Atty. Gen. 346, 352, and Beirnie S. Bullard, Admx., v. United States, 66 C. Cls. 264, 267. On July 1, 1921, the Secretary of the Navy issued an instruction which stated, among other things, that:
“An officer detached from duty and ordered to his home to await orders is ordered to make a permanent change of station and transportation of wife and children is authorized.”
In this case the plaintiff, while in the naval hospital, was ordered to go to his home and remain there to await orders for his retirement. In the Bullard case, supra, the construction of the statute used in the order of the Secretary of the Navy above quoted was approved. The facts in that case were quite similar to those in the case at bar. Following the rule laid down by a former Secretary of the Navy and the Bullard case, we hold that the plaintiff is entitled to recover. The amount of his recovery is not in dispute. Judgment will accordingly be rendered in favor of the plaintiff for $212.09.
Whaley, Judge; Williams, Judge; Littleton, Judge; and Booth, Chief Justice, concur.