GREAT AMERICAN TEA COMPANY *v.* VAN BUREN ET AL.

[No. 27,523. Filed April 30, 1941.]

*Hemphling & Smith,* of South Bend, for appellant.

*Harry Taylor* and *Benjamin Piser,* both of South Bend, for appellees.

SHAKE, J.—The appellee Juanita Van Buren recovered a judgment in damages for personal injuries against her co-appellee Alt and the appellant growing out of the negligent operation of a motor vehicle belonging to the appellant and driven by Alt.

The only error assigned is predicated upon the denial of the appellant's motion for a new trial, which challenged the sufficiency of the evidence to sustain the verdict. It is contended that there was no proof that Alt was the agent of the appellant, and that if such agency was established there was no showing that he was acting within the scope of his employment when the injuries were inflicted. This requires us to review the evidence, but we will not weigh it; nor will we disturb the judgment if the evidence disclosed by the record is sufficient to support a legitimate inference of the essential facts.

The appellant is a corporation engaged in the business of selling tea, coffee, and other merchandise directly to consumers. It maintained a branch office in charge of a sales manager at Fort Wayne, from which its business in parts of Ohio, Indiana, and Michigan was conducted. It also had a salesroom at South Bend,

out of which worked a route foreman, who resided at Mishawaka, and a development manager, who lived at Fort Wayne.

On August 15, 1938, the appellee Alt, who resided with his parents on a farm in Elkhart County, entered into a written contract with the appellant by which he was employed as a service salesman on a commission basis. Alt was assigned certain retail routes in Elkhart and Goshen and between said cities. It was his duty to solicit orders for merchandise and make deliveries and collections for business done in his territory. He was furnished a motor truck which bore the words "The Great American Tea Company" and which he kept at his home while it was not in use. He was forbidden by the terms of his contract from utilizing the truck for personal or private purposes.

On July 11, 1939, Alt covered one of his routes in company with his foreman. The parties talked, as they had done before, about the possibility of Alt obtaining a position in the promotional department and he was told by the foreman that he might discuss that matter with the development manager at the South Bend office in the morning or evening. Alt testified that when they returned to his home on the evening of the 11th he was "relieved" of his route and that it was taken over by the foreman, but that the truck was left with him and he was not told that he could not drive it or make further deliveries or collections. On the 12th, the foreman drove the route, returning the truck to Alt's home in the evening, and Alt did not work for the company on that day; but on the next day Alt took the truck out on his route about noon and carried on his work as usual until approximately 6:30 o'clock in the evening. At that time he was in Elkhart

and he parked the truck on the street and worked on his books. He then started home but changed his mind and drove to South Bend for the purpose of seeing the development manager about future work in another capacity. Alt had previously attended promotional meetings at the South Bend office, but July 13th was not a time when such a session was scheduled and when he arrived there the building was dark. The accident occurred while Alt was en route from South Bend to his home in Elkhart County. Alt was also injured in the collision between the truck that he was driving and the automobile in which the plaintiff was a passenger. Upon his recovery he resumed work for the appellant in its promotional department.

The jury found specifically by way of answers to interrogatories that at the time and place of the accident Alt was not operating the appellant's motor truck in his own business or for his own pleasure, but that he was the servant, agent, and employee of the appellant and acting in the scope of such employment. While, as pointed out above, Alt testified that he was relieved of his route before the accident occurred, he worked as usual thereafter and the company apparently accepted the benefit of his labors. The foreman to whom he was responsible left the company's truck in his custody after the alleged termination of employment without directions that it should not be used. It was also the foreman's suggestion that Alt see the development manager at South Bend about another type of work. The contract of employment, which was in evidence, required at least two weeks' notice to the employee for its termination for any cause other than misconduct, and there is no claim or showing of misconduct on the part of Alt. It was also provided in the contract that upon its termination for any cause the employee should

immediately surrender up all property belonging to the company. Many of the facts about which there is uncertainty were peculiarly within the knowledge of the appellant and such a situation may give rise to an inference that if these had been fully disclosed they would have been unfavorable. While this rule will not be carried to the extent of relieving a party of the burden of proving his case, it may be considered as a circumstance in drawing reasonable inferences from the facts established. In our judgment the evidence was sufficient to sustain the inference that Alt's employment had not been finally terminated but that he had merely been relieved from his route, perhaps to enable him to ascertain if there was an opening for work in another department.

An act may be within the scope of employment although done in part to serve the purposes of the servant. The fact that the predominant motive of the servant is to benefit himself does not necessarily prevent the act from being within the scope of employment. If the purpose of serving the master's business actuates the servant to any appreciable extent, the master is subject to liability if the act is otherwise within the service. *Vincennes Packing Corporation* v. *Trosper* (1940), 108 Ind. App. 7, 23 N. E. (2d) 624. Conceding that Alt's purpose in driving to South Bend to see the development manager after he had completed his deliveries and collections in Elkhart was for his own benefit, it does not necessarily follow that in returning to his home from South Bend he was wholly without the scope of his employment. Had he gone directly home from Elkhart and had the accident happened en route, it would hardly be contended that he was without the scope of his employment. The departure from the regular and customary route

of travel is not a sufficient circumstance to authorize us to hold as a matter of law that Alt was without the scope of his employment.

The judgment is affirmed.

NOTE.—Reported in 33 N. E. (2d) 580.