**Henry E. STEWART et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. C-2-75-383.**

United States District Court, S. D. Ohio, E. D.

April 3, 1978.

Daniel J. Igoe, Columbus, Ohio, for plaintiffs.

Albert R. Ritcher, Asst. U. S. Atty., Columbus, Ohio, for defendant.

## MEMORANDUM AND ORDER

DUNCAN, District Judge.

This is an action under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, arising out of an automobile accident involving James Malone, a member of the United States Air Force. The accident occurred near Greenfield, Indiana, at approximately 7:00 a.m. on November 9, 1971. The matter is before the Court on the parties' motions for summary judgment.

## I

■ Under the Federal Tort Claims Act, no action can be instituted upon a claim against the United States unless the claimant has first presented his claim to the appropriate federal agency. 28 U.S.C. § 2675(a). As provided by 28 U.S.C. § 2401, the plaintiff must present the claim within two years after the cause of action accrues. The accident in this case occurred on November 9, 1971.

Plaintiff Henry Stewart filed his administrative claim with the United States Army on November 2, 1973. On March 11, 1974, more than two years after the accident, the claim was forwarded to the appropriate United States agency, the United States Air Force, which denied the claim on December 5, 1974.

Since the plaintiff did not file his claim with the *appropriate* governmental agency within two years after the cause of action accrued, defendant argues that plaintiff's claim is barred by the statute of limitations.

Under 28 U.S.C. § 2672, administrative claims under the Federal Tort Claims Act are governed by regulations prescribed by the Attorney General. 28 C.F.R. § 14.2(a) reads:

> For the purposes of the provisions of § 2672 Title 28, United States Code, a claim shall be deemed to have been presented when a federal agency receives from a claimant, his duly authorized agent or legal representative, an executed standard form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident. If a claim is presented to the wrong federal agency, that agency shall transfer it forthwith to the appropriate agency.

Although the United States Air Force did not receive plaintiff's claim within the time afforded by 28 U.S.C. § 2401, plaintiff did present his claim to *a* federal agency within the two-year period. Under the Tort Claims Act procedure, a claim is "deemed" presented when *a* federal agency receives

written notification of the claim. The Court finds that this plaintiff's claim is not barred by the statute of limitations.

## II

■ Plaintiff Helen Stewart claims damages for loss of consortium. The United States contends that her claim is barred because she has not filed an administrative claim with the appropriate governmental agency as required by 28 U.S.C. § 2675(a). Plaintiff argues that the government had notice of her claim because her husband's claim indicated his marital status, and because she filed a previous civil action against Malone in which she also sought damages for loss of consortium.

■ The prerequisites necessary to file suit against the government under the Tort Claims Act are strictly construed since the conditions are considered to be jurisdictional. *Molinar v. United States*, 515 F.2d 246 (5th Cir. 1975); *Melo v. United States*, 505 F.2d 1026 (8th Cir. 1974); *Bialowas v. United States*, 443 F.2d 1047 (3rd Cir. 1971).

The Court finds that plaintiff Helen Stewart did not file an administrative claim as required by 28 U.S.C. § 2675(a), and thus her claim is barred by the two-year statute of limitations. 28 U.S.C. § 2401. *Heaton v. United States*, 383 F.Supp. 589 (S.D.N.Y. 1974). Her action, while derivative in nature, is an independent action, separate and distinct from the personal injury claim of her husband. The standard form 95, submitted by her husband, does not mention, on her behalf, any injuries due to loss of consortium. Furthermore, only Mr. Stewart signed the form as claimant. The mere fact that Mrs. Stewart's name appears on the form as Mr. Stewart's wife does not put the government on notice that she claims loss of support and services. Nor can the mere filing of a suit meet the requirement of § 2675(a). *Meeker v. United States*, 435 F.2d 1219, 1221 (8th Cir. 1970).

Plaintiffs cite *Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508 (6th Cir. 1974), as authority to the contrary. In that case, Executive Jet Aviation, Inc. presented

a claim well within the statutory period but did not join their insurers as claimants. In the peculiar circumstances of the case, the Court found that the government was neither surprised nor prejudiced by the insurers' late entry into the case. Relying upon the purposes of the Federal Tort Claims Act to ease court congestion and to avoid unnecessary litigation, while making it possible to expedite the fair settlement of tort claims against the United States, the Court found the statute of limitations was tolled to allow the insurers to present their dilatory administrative claims. In so holding, however, the Court stated:

> Our decision rests to a large extent upon the particular facts of this case. Thus we intimate no opinion about the proper result in generally similar situations not involving subrogation, nor in cases in which the subrogor has not filed a timely and complete administrative claim. 507 F.2d at 517.

In light of the factual dissimilarities and the caveat quoted above, the Court does not find *Executive Jet* to be persuasive authority for plaintiffs' position.

### III

■ The remaining issue before the Court is whether James Malone was acting within the scope of his employment under 28 U.S.C. § 1346(b). In the case of a member of the military or naval forces of the United States, "acting within the scope of his office or employment" means "acting in line of duty." 28 U.S.C. § 2671. The resolution of this issue is controlled by the law of agency of the place where the accident occurred. *Williams v. United States*, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955); 28 U.S.C. § 1346(b).

■ The facts material to determining Malone's status at the time of the accident are not in dispute. In November 1971, the United States Air Force ordered James Malone, then stationed at Whiteman Air Force Base in Missouri, to travel to Travis Air Force Base, California, and from there to depart for the Republic of Viet Nam. Malone's orders authorized delay en route not to exceed ten days for the purpose of leave. Malone left Whiteman by private automobile on November 8, 1971. Malone travelled to Muncie, Indiana, for the purpose of taking authorized leave. The accident occurred near Greenfield, Indiana, while Malone was en route from Whiteman to Muncie. Malone was not paid per diem or mileage for his trip to Muncie on November 8 and 9, 1971. Mileage was paid only for the direct travel distance between Whiteman and Travis. Malone began to receive a per diem on November 10, 1971, after his arrival in California.

Under Indiana law a two-prong test is applied in deciding questions of liability under the doctrine of respondeat superior. The first question is whether a master and servant relationship existed between the parties. If it is determined such a relationship exists, the second question is whether the servant was acting within the scope of his employment at the time of the accident. *Great American Tea Co. v. Van Buren*, 218 Ind. 462, 33 N.E.2d 580 (1941). In *Gibbs v. Miller*, 152 Ind.App. 327, 330, 283 N.E.2d 592, 595 (Ct.App.1972), the Court discussed each of these questions:

> The general test in determining the existence of a master-servant relationship is the right to direct and control the conduct of the alleged servant at the time the negligent act occurred. (Citations omitted.) In Indiana the phrase "right to control" is used not in a specific sense but in a general sense. It refers only to the *right* and not the exercise of control over the servant. This is especially true where the work is such as to not demand a great deal of supervision. (Citations omitted.) Among the indicia of a master-servant relationship are the right to discharge, mode of payment, supplying of tools or supplies by the employer, belief by the parties in the existence of a master-servant relationship, control over the means used or result reached, length of employment and the establishing of work boundaries. (Citations omitted.)
>
> Prior cases have held the conduct of a servant to be within the scope of his

employment where the conduct was actuated to an appreciable extent by the purpose to serve the master, *Great American Tea Co. v. Van Buren* [218 Ind. 642, 33 N.E.2d 580 (1941)]; where the conduct was performed substantially within the authorized time, *Vincennes Packing Corp. v. Trosper*, 108 Ind.App. 7, 23 N.E.2d 624 (1939); or where the work is the kind the servant is employed to perform, *Biel, Inc. v. Kirsch*, 240 Ind. 69, 161 N.E.2d 617 (1958).

Plaintiff contends first that defendant was the servant of the United States Air Force. Although he was on travel status with delay en route authorized, he was never beyond the control of the Air Force. The Air Force had the right to end his authorized delay and to order him to report. In directing Malone to travel to a new permanent duty station, the Air Force had the power to prohibit the use of a privately owned vehicle and to require that Malone travel without unnecessary delay. 10 U.S.C. § 892. Furthermore, under the Uniform Code of Military Justice, 10 U.S.C. § 911, Malone was accountable to the Air Force for all his actions, including the driving of automobiles, from the date of his entrance into the service upon active duty.

Plaintiff contends secondly that defendant, at the time and place of the accident, was acting within the scope of his employment. Relying upon *Great American Tea Co. v. Van Buren, supra*, plaintiff argues that while Malone was pursuing his own purposes in travelling to Muncie, Indiana, the overall purpose of his travelling was to change, pursuant to military orders, his permanent duty station.

It is undisputed that James Malone was employed by the United States Air Force at the time of the accident and that he was subject to the control of his superior officers. Under Indiana law, however, the right of control does not subject a master to liability for acts or omissions of a servant unless the servant is engaged, directly or indirectly, in the master's business. Upon the facts in this case, the Court concludes that Malone was not, at the time of the accident, acting in the line of duty. At the time of the accident Malone was on leave pursuing his private business and affairs. He was not yet en route to his new duty station. A service man on leave or on pass cannot, normally, be said to be acting within the scope of his employment. He is in a similar position to the private employee during the latter's non-work or vacation. His activities at such times consist of his personal affairs, not usually connected with the business of the employer. Accord: *United States v. Eleazer*, 177 F.2d 914 (4th Cir. 1949); *United States v. Sharpe*, 189 F.2d 239 (4th Cir. 1951); *Williams v. United States*, 215 F.2d 800 (9th Cir. 1954); *Mason & Dixon Lines v. Shore*, 409 F.Supp. 1127, 1128 (E.D.Tenn.1975); *see, United States v. Williamson*, 23 Wall 411, 90 U.S. 411, 415, 23 L.Ed. 89 (1874). *See also*, 1 ALR Fed. 563.

For the reasons stated herein, the plaintiffs' motion for summary judgment is DENIED; the defendant's motion for summary judgment is GRANTED.

So ORDERED.