Barbara J. WEAVER
Administratrix
vs.
COMMONWEALTH OF
MASSACHUSETTS
DEPARTMENT OF
HUMAN SERVICES
DEPARTMENT OF
MENTAL HEALTH
WESTBOROUGH STATE HOSPITAL
James DIVVER, Mary SMITH
Elizabeth BROMES, John MASIELLO
Dorothy TORTORA, Frances VARS
and DR. BRANKEY, Defendants

No. 46894

Superior Court
Commonwealth of Massachusetts

June 22, 1981

479

**Brook Baker,** counsel for plaintiff
**Clyde Bergstresser,** counsel for plaintiff
**Francis X. Bellotti, A.G.,** counsel for defendant
**Ernest P. DeSimone, Asst. A.G.** counsel for defendant

## MEMORANDUM RE MOTION TO DISMISS

The Commonwealth seeks to have this action dismissed against the named individuals on the grounds that G.L. c. 258, sec. 2, which provides a cause of action against the Commonwealth for torts committed by public employees, immunizes the individuals from suit. The Commonwealth seeks dismissal of the action against itself on the grounds that the claim was not presented within two years of the date on which the cause of action arose, and is thus barred by G.L. c. 258, sec. 4. I conclude that due to plaintiff's admission in the complaint, the named employees must be dismissed as defendants, and that the two-year presentment requirement must be strictly construed, with the result that plaintiff is barred from proceeding in this Court..

Briefly, this action arose out of the death of Michael Weaver, who took his own life on March 9, 1978 while a patient at Westborough State Hospital. Plaintiff alleges that negligent supervision caused the death. On or about March 5, 1980 plaintiff was appointed administratrix of Michael Weaver's estate. On March 6, 1980, three days before the expiration of the two-year period, plaintiff presented a written claim to the Commissioner of the Department of Mental Health and the Administrator of Westborough State Hospital. Neither person is the executive officer of the agency as contemplated by G.L. c. 258, sec. 1. On June 6, 1980 plaintiff presented the identical claim to the Secretary of Human Services, the executive officer of the agency which plaintiff alleges is responsible for her intestate's death.

Although the question of whether an individual is an employee is one of fact, see **Davis v. DelRusso,** 371 Mass. 768, 771 (1977); **Opinion of the Attorney General** (1979/80), #6, plaintiff has alleged in her complaint that the named individuals are public employees for purposes of the act. Complaint, paragraph 2. This admission binds plaintiff. G.L. c. 231, sec. 87; see W.B. Leach and P.J. Liacos, Handbook of Massachusetts Evidence at 20-21 (1967). Therefore the motion to dismiss the named employees is granted, with leave granted to plaintiff to file a motion to amend if she can assert in good faith that a particular individual was not a public employee.

On the presentment issue, G.L. c.258, sec. 4 provides:

> A civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose, and such claim shall have been finally denied by such executive officer in writing and sent by certified or registered mail, or as otherwise provided in this section.

General Laws c.258, sec. 1 explicitly defines the term executive officer. In this case the parties are agreed that the Secretary of Human Services is the appropriate executive officer. Since presentment to the secretary occurred more than two years after Weaver's death, the commonwealth seeks dismissal.

See **Pruner v. Clerk of the Superior Court,** Mass. Adv. Sh. (1981) 136, 142-143. Recognizing her difficulty, plaintiff relies on dicta in **Pruner** to the effect that circumstances may exist making sec. 4's claim procedure inapplicable. **Id.** at 143, n. 13. Plaintiff asserts three theories: applicability of the tolling provision of G.L. c.260, sec. 10, agency, and relation back of the proper presentment to the improper presentment, under which her presentment to the public employer could be deemed timely. Plaintiff's Memorandum Of Law In Opposition To Dismissal Of The Complaint at 2-8.

The applicability of the tolling provisions of G.L. c.260 depends on whether or not the cause of action has a common law origin. See **Gaudette v. Webb,** 362 Mass. 60, 64-65 (1972). If the cause of action is statutory in nature, any limitations on the action are to be strictly construed. See, **Id.** In **Gaudette,** the Court went to great lengths to hold that the right to recovery for wrongful death was of common law origins so as to avoid strict construction of the wrongful death statute. See, **Id.** at 63-71. Since recovery against the commonwealth under these circumstances is a product of recent statutory creation, St. 1978, c.512, sec. 15; **compare Whitney v. Worcester,** 373 Mass. 208 (1977), I hold that the two-year limitation on presentment to the proper executive officer bars plaintiff's claim. Plaintiff's attempted reliance on federal cases concerning presentment to the wrong agency, **e.g. Stewart v. United States,** 458 F. Supp. 871, 872 (S.D. Oh. 1978) is misplaced.

Plaintiff presented to the wrong person, not the wrong agency. Unlike the federal act, which allows presentment to the ''appropriate Federal agency'' 28 U.S.C. sec. 1401(b), G.L. c.258, sec. 4 requires presentment to an easily ascertainable official. Her mistake is not rectified under either her agency theory or her relation back theory. For the foregoing reasons, the commonwealth's motions to dismiss are granted.

William G. Young
Justice of the Superior Court