Patricia GRIBBEN, Plaintiff below,

v.

WAL–MART STORES, INC., Defendant below.

No. 94S00–0403–CQ–130.

Supreme Court of Indiana.

March 22, 2005.

Morris L. Klapper, G.R. Parish, Jr., Klapper, Isaac & Parish, Indianapolis, IN, Attorneys for Plaintiff.

Thomas L. Davis, Julia Blackwell Gelinas, Lucy R. Dollens, Locke Reynolds LLP, Indianapolis, IN, Attorneys for Defendant.

Defense Trial Counsel of Indiana, Thomas R. Schultz, Donald B. Kite, Sr., Schultz & Pogue, LLP, Carmel, IN, James D. Johnson, Rudolph Fine Porter & Johnson, Evansville, IN, Attorneys for Amicus Curiae.

DICKSON, Justice.

Pursuant to Indiana Appellate Rule 64, the United States District Court for the Southern District of Indiana has certified, and we have accepted, the following questions of Indiana law:

1. Does Indiana law recognize a claim for "first-party" spoliation of evidence; that is, if an alleged tortfeasor negligently or intentionally destroys or discards evidence that is relevant to a tort action, does the plaintiff in the tort action have an additional cognizable claim against the tortfeasor for spoliation of evidence?

2. If so, what are the elements of the tort, and must a plaintiff elect between pursuing the spoliation claim and utilizing an evidentiary inference against the alleged tortfeasor in the underlying tort action?

In her certification order, Judge Shields asserts that there is no controlling Indiana precedent and that courts in other jurisdictions vary greatly.

The certified questions arise in a tort action by the plaintiff, Patricia Gribben, for injuries sustained in a fall at a store owned and operated by the defendant, Wal–Mart Stores, Inc. The plaintiff moved to amend her complaint to add a claim for spoliation of evidence against the defendant for its intentional or negligent failure to preserve a surveillance videotape which she alleges would have been relevant to her tort claim.

The question is specifically limited to "first party" spoliation, as distinguished from "third party" spoliation. The former refers to spoliation of evidence by a party to the principal litigation, and the latter to spoliation by a non-party. *See generally Temple Cmty. Hosp. v. Superior Court,* 20 Cal.4th 464, 84 Cal.Rptr.2d 852, 976 P.2d 223 (1999).

The plaintiff asserts that Indiana should recognize an independent tort claim for intentional first-party spoliation of evidence. While the certified question includes both negligent and intentional destruction of evidence, the plaintiff here claims only intentional spoliation, which she urges should be treated differently than negligent spoliation. In the Plaintiff's Brief, she argues that spoliation and the underlying cause of action should be tried together and, if the jury finds intentional spoliation related to a relevant issue, the jury should be instructed to find for the plaintiff on that issue. Plaintiff's Br. at 17. If the jury finds spoliation was negligent rather than intentional, it would instead be given a negative inference instruction. *Id.* In Plaintiff's Response Brief, however, she appears to present a slightly different proposal, one not merely restricting the remedy to the relevant issue affected by spoliated evidence but also urging that "damages for intentional spoliation should be the identical compensatory damages recoverable in the underlying case" and that punitive damages would also be recoverable. Plaintiff's Response Br. at 4.

The plaintiff contends that a tort of intentional spoliation arises from standard Indiana jurisprudence regarding the existence of a duty of care, and that the tort is needed to discourage the growing occurrence of spoliation and its erosion of both the ability of courts to do justice and public confidence in legal processes. She argues that existing sanctions are insufficient deterrence to the practice of intentional destruction of evidence, and that any systemic burden upon courts and juries that might result from recognizing this new tort would be overwhelmingly outweighed by the importance of stopping cheating and assuring the availability of evidence to enable the fact finder to make a fair and informed decision.

The defendant urges that Indiana's existing procedural and evidentiary safeguards are an adequate deterrent without adopting a new tort. It also contends that recognizing a new tort of spoliation would involve the speculative nature of harm and

damages, significantly increase costs of litigation, cause jury confusion, result in duplicative and burdensome proceedings, be subject to abuse, and make collateral issues the focus of many disputes. The Amicus Curiae, Defense Trial Counsel of Indiana, likewise claims that recognition of this independent tort would likely result in undue burden upon the judicial system, and warns of a resulting uncertainty and burden upon property owners who must decide whether to preserve property that others may deem useful evidence, the risk of erroneous liability determinations, and the possibility of endless or satellite litigation in an already-crowded judicial system.

■ Already existing under Indiana law are important sanctions that not only provide remedy to persons aggrieved, but also deterrence to spoliation of evidence by litigants and their attorneys. It is well-established in Indiana law that intentional first-party spoliation of evidence may be used to establish an inference that the spoliated evidence was unfavorable to the party responsible. *Cahoon v. Cummings*, 734 N.E.2d 535, 545 (Ind.2000) (involving a jury instruction permitting the inference); *Underwood v. Gale Tschuor Co., Inc.*, 799 N.E.2d 1122, 1134 (Ind.Ct.App.2003) (same); *Porter v. Irvin's Interstate Brick & Block Co., Inc.*, 691 N.E.2d 1363, 1364 (Ind.Ct.App.1998) (permitting an evidentiary inference to resist summary judgment). *See generally* Doug Cressler, *Spoliation of Evidence*, 36 Res Gestae 510 (1993).

■ Potent responses also exist under Indiana Trial Rule 37(B) authorizing trial courts to respond to discovery violations with such sanctions "as are just" which may include, among others, ordering that designated facts be taken as established, prohibiting the introduction of evidence, dismissal of all or any part of an action, rendering a judgment by default against a disobedient party, and payment of reasonable expenses including attorney fees. We further note that attorneys involved in destruction or concealment of evidence face penalties including disbarment. *See* Indiana Rules of Professional Conduct Rules 3.1, 3.3, 3.4(a), 3.4(b), 8.4. In addition, the destruction or concealment of evidence, or presentation of false testimony related thereto, may be criminally prosecuted as a Class D felony for perjury or obstruction of justice. Indiana Code §§ 35–44–1–7, 35–44–3–4.

Absent these sanctions, however, Indiana case law is inconsistent regarding whether one party to a civil action may obtain the relief sought therein solely based on the opposing party's intentional destruction of evidence. In 1941, this Court expressed disfavor of such a claim, as did our Court of Appeals in 1991. But two other cases from our Court of Appeals have favorably treated such a claim.

*Great American Tea Co. v. Van Buren*, 218 Ind. 462, 33 N.E.2d 580 (1941) involved an appeal from a judgment for damages in a personal injury vehicular collision in which the appellant claimed insufficient evidence that its driver was acting within the scope of his employment when the collision occurred. This Court affirmed based largely upon an evidentiary inference, noting that "[m]any of the facts about which there is uncertainty were particularly within the knowledge of the appellant and such a situation may give rise to an inference that if these had been fully disclosed they would have been unfavorable." 218 Ind. at 467, 33 N.E.2d at 581. Significant to the present certified question, however, is the opinion's ensuing observation that "this rule will not be carried to the extent of relieving a party of the burden of proving his case." *Id.* Under this view, the spoliation doctrine warranted only an evidentiary presumption and could not be the

basis for awarding the relief sought in the underlying case.

A product liability claimant's action against his employer for interference with prospective or actual civil litigation by the spoliation of evidence was expressly rejected in *Murphy v. Target Products,* 580 N.E.2d 687, 690 (Ind.Ct.App.1991), where our Court of Appeals concluded "that in Indiana there is no common law duty on the part of an employer to preserve, for an employee, potential evidence in an employee's possible third party action." *Id.* Its rejection of the spoliation claim, however, was narrowly limited as to such actions against a claimant's employer, as the court added:

> We therefore hold that at least in the absence of an independent tort, contract, agreement, or special relationship imposing a duty to the particular claimant, the claim of negligent or intentional interference with the person's prospective or actual civil litigation by the spoliation of evidence is not and ought not be recognized in Indiana.

*Id.* The court reasoned that to hold otherwise would "foster continuous litigation" and that, prior to receiving notice that they have something required in a civil action, a non-party "ought to have no legal concerns about potential evidence in his possession, absent any promises, contracts, statutes, or special circumstance." *Id.*

A limited spoliation tort remedy was permitted in *Thompson v. Owensby,* 704 N.E.2d 134 (Ind.Ct.App.1998), *trans. denied,* which involved an action against the alleged tort-feasor's liability insurance company for failing to preserve evidence. Identifying the question as "whether an insurance company that loses evidence may be liable to a third party claimant for damages attributable to the loss of the evidence," the Court of Appeals analyzed the question as one of common law duty, placing particular emphasis on the fact that the insurance carrier "is in a better position than the lay claimant to understand the significance of the evidence and the need to maintain it," *id.* at 138, and that "the carrier has the unique experience and ability to structure its practices to avoid harm." *Id.* at 140. The court concluded that a third-party claimant may assert a spoliation claim for damages for negligent or intentional conduct by an insurance carrier, *id.,* but expressly declined to address whether, outside of the liability insurance context presented, there would be a duty to maintain evidence. *Id.* at 138 n. 2.

While not involving a separate tort action, intentional spoliation was the basis for granting a default judgment on liability in *Whitewater Valley Canoe Rental, Inc. v. Franklin County Comm'rs,* 507 N.E.2d 1001, 1008 (Ind.Ct.App.1987), *trans. denied.* Finding no abuse of discretion, the court affirmed a default judgment that had been entered as a sanction for abusing, restricting, and obstructing discovery in bad faith by either destroying documents or refusing to produce them. Thus, while in the form of a discovery sanction, a claim of opposing party intentional spoliation served to establish liability, although damages were then the subject of a separate evidentiary hearing.

From its review of *Murphy, Thompson,* and a third case subsequently vacated,[1] the

---

**1.** Spoliation as an independent tort was discussed in *Burton v. Estate of Davis,* 730 N.E.2d 800 (Ind.Ct.App.2000), but this opinion was automatically vacated by the Indiana Supreme Court's grant of transfer. Indiana

Appellate Rule 58(A). The parties thereafter reached a settlement and sought dismissal of the appeal. Finding that the settlement rendered the appeal moot, we granted the dismissal, expressly noting that the "opinion of

United States District Court in *Reinbold v. Harris*, No. IP 00–0587–C–T/G, 2000 WL 1693792 (S.D.Ind. Nov.7, 2000) opined that "[t]he independent tort of spoliation (destruction) of evidence is recognized under Indiana law." *Id.* at \*1. Judge Tinder nevertheless dismissed the plaintiff's third-party spoliation claim, finding that the complaint did not allege an independent tort, contract, agreement, or other special relationship imposing upon the defendant a duty to the plaintiff to maintain the evidence (a surveillance videotape), and that the harm in erasing the videotape was not reasonably foreseeable to the defendant.

In light of Indiana's inconclusive case law, we agree with Judge Shields that there is no controlling Indiana precedent as to the questions presented.

Several jurisdictions, including West Virginia, Alaska, Montana, the District of Columbia, Illinois, New Mexico, and Ohio, recognize evidence spoliation as a cognizable tort. *Hannah v. Heeter*, 213 W.Va. 704, 584 S.E.2d 560 (2003) (granting stand-alone tort status for intentional spoliation and for some third-party negligent spoliation, but rejecting first-party negligent spoliation as a stand-alone tort); *Nichols v. State Farm Fire & Cas. Co.*, 6 P.3d 300 (Alaska 2000) (acknowledging independent tort claims for first-party and third-party intentional spoliation but rejecting tort status for first-party negligent spoliation); *Oliver v. Stimson Lumber Co.*, 297 Mont. 336, 993 P.2d 11 (1999) (recognizing tort action for negligent or intentional third-party spoliation, but not for first-party spoliation); *Holmes v. Amerex Rent–A–Car*, 180 F.3d 294 (D.C.Cir.1999) (recognizing tort for negligent third-party spoliation); *Boyd v. Travelers Ins. Co.*, 166 Ill.2d 188, 209 Ill.Dec. 727, 652 N.E.2d 267 (1995)

(permitting separate tort claim for negligent spoliation against principal defendant's liability insurer); *Coleman v. Eddy Potash, Inc.*, 120 N.M. 645, 905 P.2d 185 (1995) (recognizing tort liability for intentional spoliation, but not one for negligent spoliation); *Smith v. Howard Johnson Co.*, 67 Ohio St.3d 28, 615 N.E.2d 1037 (1993) (recognizing tort action for intentional first-party and third-party spoliation).

But several other jurisdictions considering the issue, among them Florida, Mississippi, Arkansas, California, Iowa, Texas, Alabama, Georgia, Kansas, and Arizona have rejected spoliation as an independent tort. *Martino v. Wal–Mart Stores, Inc.*, 835 So.2d 1251 (Fla.Dist.Ct.App.) (rejecting tort action for first party spoliation), *review granted*, 861 So.2d 430 (Fla.2003); *Richardson v. Sara Lee Corp.*, 847 So.2d 821 (Miss.2003) (rejecting negligent spoliation as an independent tort); *Dowdle Butane Gas Co. v. Moore*, 831 So.2d 1124 (Miss.2002) (rejecting independent cause of action for intentional first-party or third-party spoliation); *Rosenblit v. Zimmerman*, 166 N.J. 391, 766 A.2d 749 (2001) (rejecting spoliation as a new tort but permitting similar remedy upon theory of fraudulent concealment); *Goff v. Harold Ives Trucking Co., Inc.*, 342 Ark. 143, 27 S.W.3d 387 (2000) (rejecting tort of first-party intentional spoliation); *Temple Cmty. Hosp. v. Superior Court*, 20 Cal.4th 464, 84 Cal.Rptr.2d 852, 976 P.2d 223 (1999) (rejecting tort of intentional third-party spoliation); *Meyn v. State*, 594 N.W.2d 31 (Iowa 1999) (rejecting tort claim for third-party negligent spoliation); *Cedars–Sinai Med. Ctr. v. Superior Court*, 18 Cal.4th 1, 74 Cal.Rptr.2d 248, 954 P.2d 511 (1998) (rejecting tort remedy for intentional first-party spoliation); *Trevino v.*

the Court of Appeals remains vacated and held for naught." *Burton v. Estate of Davis,*

740 N.E.2d 850, 851 (Ind.2000).

*Ortega,* 969 S.W.2d 950 (Tex.1998) (refusing to recognize intentional or negligent spoliation as an independent tort); *Christian v. Kenneth Chandler Constr. Co., Inc.,* 658 So.2d 408 (Ala.1995) (declining to recognize tort action for first party spoliation); *Gardner v. Blackston,* 185 Ga.App. 754, 365 S.E.2d 545 (1988) (refusing claim for first party spoliation); *Koplin v. Rosel Well Perforators, Inc.,* 241 Kan. 206, 734 P.2d 1177 (1987) (generally rejecting tort of spoliation of evidence); *La Raia v. Superior Court,* 150 Ariz. 118, 722 P.2d 286 (1986) (declining to recognize new tort of intentional spoliation against first party).

Courts uniformly condemn spoliation. "[I]ntentional destruction of potential evidence in order to disrupt or defeat another person's right of recovery is highly improper and cannot be justified." *Coleman,* 905 P.2d at 189. "The intentional or negligent destruction or spoliation of evidence cannot be condoned and threatens the very integrity of our judicial system. There can be no truth, fairness, or justice in a civil action where relevant evidence has been destroyed before trial." *Oliver,* 993 P.2d at 17. "Destroying evidence can destroy fairness and justice, for it increases the risk of an erroneous decision on the merits of the underlying cause of action." *Cedars–Sinai,* 74 Cal.Rptr.2d 248, 954 P.2d at 515. "Destroying evidence can also increase the costs of litigation as parties attempt to reconstruct the destroyed evidence or to develop other evidence, which may be less accessible, less persuasive, or both." *Id.*

It is thus not surprising that an independent tort remedy for spoliation of evidence began to be recognized. *Smith v. Superior Court,* 151 Cal.App.3d 491, 198 Cal. Rptr. 829 (1984); *Velasco v. Commercial Bldg. Maint. Co.,* 169 Cal.App.3d 874, 215 Cal.Rptr. 504 (1985). In the subsequent intervening years, however, California

came to question and ultimately reject this approach. In *Cedars–Sinai,* the California Supreme Court comprehensively addressed the issue, finding that the acknowledged harms resulting from the intentional destruction of evidence are "not enough to justify creating tort liability for such conduct," and declaring that "[w]e must also determine whether a tort remedy for the intentional first party spoliation of evidence would ultimately create social benefits exceeding those created by existing remedies for such conduct, and outweighing any costs and burdens it would impose." 74 Cal.Rptr.2d 248, 954 P.2d at 515.

The opinion then more fully discussed the dangers of "creating new torts to remedy litigation-related misconduct" and of adopting "a remedy that itself encourages a spiral of lawsuits." *Id.* It also compared spoliation to other forms of litigation-related misconduct, such as perjury, for which there is no tort remedy, and expressed its preference for policies of evidentiary inference, discovery sanctions, criminal penalties, civil monetary, contempt, and issue sanctions over derivative actions. The *Cedars–Sinai* court also focused on the "uncertainty of the fact of harm in spoliation cases." *Id.* at 518.

[E]ven if the jury infers from the act of spoliation that the spoliated evidence was somehow unfavorable to the spoliator, there will typically be no way of telling what precisely the evidence would have shown and how much it would have weighed in the spoliation victim's favor. Without knowing the content and weight of the spoliated evidence, it would be impossible for the jury to meaningfully assess what role the missing evidence would have played in the determination of the underlying action. The jury could only speculate as to what the nature of the spoliated evi-

dence was and what effect it might have had on the outcome of the underlying litigation.

*Id.*

The California Supreme Court also noted and discussed other factors that it believed weighed against the creation of a spoliation tort remedy: the "risk of erroneous determinations of spoliation liability," "the indirect costs by causing persons or entities to take extraordinary measures to preserve for an indefinite period documents and things of no apparent value solely to avoid the possibility of spoliation liability if years later those items turn out to have some potential relevance to future litigation," the costs and burdens of "litigating meritless spoliation actions," and the "significant potential for jury confusion and inconsistency." *Id.* at 519–20.

Concluding that the "incremental additional benefits a tort remedy might create" are outweighed by other policy considerations and costs, the *Cedars–Sinai* court denied a tort remedy for first-party intentional spoliation of evidence. *Id.* at 521. One year later, the same court similarly disapproved a tort remedy for intentional spoliation by a third party. *Temple Cmty. Hosp.,* 84 Cal.Rptr.2d 852, 976 P.2d at 233.

As discussed above, several other jurisdictions have likewise decided to disallow an independent tort for evidence spoliation. In summarizing its decision, the Texas Supreme Court stated:

> This Court treads cautiously when deciding whether to recognize a new tort. While the law must adjust to meet society's changing needs, we must balance that adjustment against boundless claims in an already crowded judicial system. We are especially averse to creating a tort that would only lead to duplicative litigation, encouraging ineffi-

cient relitigation of issues better handled within the context of the core cause of action. We thus decline to recognize evidence spoliation as an independent tort.

*Trevino,* 969 S.W.2d at 951–52. The Mississippi Supreme Court observed, "as the California courts have leaned after 14 years of experience with this tort, any benefits obtained by recognizing the spoliation tort are outweighed by the burdens imposed." *Richardson,* 847 So.2d at 824.

■ Notwithstanding the important considerations favoring the recognition of an independent tort of spoliation by parties to litigation, we are persuaded that these are minimized by existing remedies and outweighed by the attendant disadvantages. We thus determine the common law of Indiana to be that, if an alleged tortfeasor negligently or intentionally destroys or discards evidence that is relevant to a tort action, the plaintiff in the tort action does not have an additional independent cognizable claim against the tortfeasor for spoliation of evidence under Indiana law.

It may well be that the fairness and integrity of outcome and the deterrence of evidence destruction may require an additional tort remedy when evidence is destroyed or impaired by persons that are not parties to litigation and thus not subject to existing remedies and deterrence. But the certified questions are directed only to first-party spoliation, and we therefore decline to address the issue with respect to third-party spoliation.

## Conclusion

We answer the first certified question in the negative: Indiana law does not recognize a claim for "first-party" negligent or intentional spoliation of evidence. It is

thus unnecessary to answer the second question.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.