ATTORNEY FOR APPELLANT
Thomas H. Bryan
Evansville, Indiana

ATTORNEYS FOR AMICUS CURIAE
DEFENSE TRIAL COUNSEL OF INDIANA
Donald B. Kite, Sr.
Carmel, Indiana

Ross E. Rudolph
James D. Johnson
Evansville, Indiana

ATTORNEYS FOR APPELLEE
Terrance L. Smith
Adrian P. Smith
Highland, Indiana

# In the
# Indiana Supreme Court

No. 45S03-0511-CV-579

JOSEPH GLOTZBACH, CPA, AS RECEIVER
FOR MIDWEST MATERIAL SERVICES, INC.,

*Appellant (Defendant below),*

v.

JACQUELINE L. FROMAN, AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
DREW ALLAN FROMAN, DECEASED,

*Appellee (Plaintiff below).*

Appeal from the Lake Superior Court, No. 45D11-0012-CT-00038
The Honorable Jeffery J. Dywan, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 45A03-0307-CV-264

**September 26, 2006**

**Boehm, Justice.**

We hold that an employee whose injuries are covered by the Worker's Compensation Act has no claim against the employer for spoliation of evidence related to that incident. The legislature is, of course, free to provide a different rule if it concludes otherwise.

### Facts and Procedural History

Midwest Material Services, Inc. provided environmental waste services to its customers, including environmental cleanup and the handling and transfer of hazardous materials. In the spring of 2000, Midwest was engaged to clean a large holding tank for Ashland Chemical Inc. Midwest frequently obtained workers from National Industrial Maintenance, Inc. to serve under Midwest's supervision, and National had assigned its employee, Drew Froman, to the Ashland project.

On May 5, 2000, William Darling, one of Midwest's owners, and Froman began emptying the tank using an electric pump, hoses, and other equipment belonging to Midwest. The tank was nearly empty when Darling noticed air bubbles in the hose and instructed Froman to turn off the pump. Shortly after Froman switched off the pump there was an explosion which caused fatal burns to Froman.

After receiving medical treatment for minor burns, Darling returned to the Ashland site where he was interviewed by the South Bend Police and Fire Departments. Darling told the South Bend Police that he did not know the brand name of the pump but that it was "explosion-proof." At Ashland's suggestion Darling then removed Midwest's equipment and debris from the explosion site. Three days after the explosion, Indiana Occupational Safety and Health Administration ("IOSHA") Officer Debbie Rauen contacted Darling and asked whether he still possessed any of the equipment or debris. Darling confirmed that he did, and Rauen instructed him not to dispose of it. When Rauen and South Bend Fire Department officials interviewed Darling four days later, he reported that everything he had collected from the Ashland site had been thrown away.

Froman's estate filed a wrongful death complaint against Midwest and "John Doe Company" as designer, manufacturer, and distributor of the pump. The Estate later amended the

2

complaint to add claims against Midwest for negligent and intentional spoliation of evidence and punitive damages. Midwest moved to dismiss both the wrongful death claim and the spoliation claim. The trial court dismissed the wrongful death claim after the Estate conceded that Midwest was Froman's employer for purposes of the Worker's Compensation Act ("WCA"). The WCA therefore provided the exclusive remedy for this industrial accident and barred a tort claim against Midwest. The trial court denied Midwest's motion to dismiss the spoliation of evidence and punitive damages claims but certified its order for interlocutory appeal. The Court of Appeals affirmed. Glotzbach v. Froman, 827 N.E.2d 105 (Ind. Ct. App. 2005). We granted transfer. 841 N.E.2d 189 (Ind. 2005).

## Spoliation of Evidence

Midwest contends that Indiana law does not permit a claim against an employer for spoliation of evidence relating to a claim by its employee. Spoliation of evidence is "'the intentional destruction, mutilation, alteration, or concealment of evidence.'" Cahoon v. Cummings, 734 N.E.2d 535, 545 (Ind. 2000) (quoting Black's Law Dictionary 1409 (7th ed. 1999)). If spoliation by a party to a lawsuit is proved, rules of evidence permit the jury to infer that the missing evidence was unfavorable to that party. Id.

A frequently debated issue is whether an independent tort claim may lie against the party accused of destroying the evidence. In Gribben v. Wal-Mart Stores, Inc., this Court, answering a certified question from the United States District Court, held that Indiana common law does not recognize an independent cause of action for either intentional or negligent "first-party" spoliation of evidence, i.e. spoliation by a party to the underlying claim. 824 N.E.2d 349, 355 (Ind. 2005). We concluded that the considerations favoring the recognition of an independent tort of first-party spoliation were offset by existing remedies and were outweighed by the attendant disadvantages. Id. In particular, the remedies for destruction of evidence, including the inference that the destroyed evidence was unfavorable, criminal sanctions against the party, and professional sanctions for attorneys, were all available to deter and redress first-party spoliation. In Gribben we expressly held open the question whether Indiana law recognized a tort of spoliation by third parties, i.e. "persons that are not parties to litigation." Id.

3

A cause of action for third-party spoliation was recognized in Thompson v. Owensby. 704 N.E.2d 134 (Ind. Ct. App. 1998), trans. denied. In that case the court permitted a plaintiff's claim against the defendant's liability insurer for failing to preserve evidence that the insurer had collected after litigation had commenced. The court reasoned, "[l]iability insurance carriers are no strangers to litigation, and it strains credulity to posit in a motion to dismiss that a liability carrier could be unaware of the potential importance of physical evidence." Id. at 137.

In Murphy v. Target Products, the Court of Appeals had earlier held "that at least in the absence of an independent tort, contract, agreement, or special relationship imposing a duty to the particular claimant, the claim of negligent or intentional interference with a person's prospective or actual civil litigation by the spoliation of evidence is not and ought not be recognized in Indiana." 580 N.E.2d 687, 690 (Ind. Ct. App. 1991). In Murphy, the plaintiff was injured in a workplace accident involving a power saw and alleged that his employer's failure to preserve the saw interfered with his prospective product liability claim against the manufacturer of the saw. Id. at 689. The court dismissed the spoliation claim, finding that there was "no common law duty on the part of an employer to preserve, for an employee, potential evidence in an employee's possible third party action." Id. at 690. For the reasons given below, we agree with Murphy that an employee injured in a workplace accident to which the WCA applies has no claim against the employer for third-party spoliation of evidence relevant to claims arising from that accident. Murphy, not Thompson, controls the result in this case.

In the case at bar, the Court of Appeals perceived the principal issue as one of duty to preserve the evidence. The Court of Appeals therefore reviewed the three factors set forth in Webb v. Jarvis, 575 N.E.2d 992, 995 (Ind. 1991) to determine whether such a duty existed. Glotzbach, 827 N.E.2d at 109. After balancing the relationship between the parties, the reasonable foreseeability of harm to the person injured, and public policy concerns, the Court of Appeals found a "special relationship" between Midwest and Froman sufficient to distinguish the facts from those in Murphy and to recognize a duty on the part of Midwest to preserve the evidence from the explosion. Id. We disagree with this conclusion for the reasons detailed below and hold that existing case law and public policy dictate refusal to recognize an independent cause of action under the circumstances presented by this case.

4

The Estate, relying on Thompson, argues that a special relationship sufficient to create a duty to preserve the evidence was created by Midwest's knowledge of Froman's situation and the circumstances surrounding the accident. Specifically, the Estate points out that IOSHA instructed Midwest not to dispose of the debris collected from the explosion site and that Darling had witnessed the explosion and knew that Froman had been severely injured. We think neither of these allegations distinguishes this case from Murphy. First, an employer will virtually always be aware of an injury occurring in the workplace. If that knowledge were sufficient to establish a special relationship, the practical effect would be that an employer always has a duty to preserve evidence on behalf of its employee for use in potential litigation against third parties. This would directly conflict with Murphy as well as the law in most other states that have addressed the specific issue of a third-party spoliation claim by an employee against an employer based on evidence relevant to an industrial accident covered by worker's compensation.[1] Although some other states have recognized third-party spoliation in other contexts, we found only one case that has upheld a spoliation claim against an employer under these circumstances. In that case the obligation to preserve evidence was based on a factor not present here: an explicit written request from the employee's attorney to preserve the evidence. Oliver v. Stimson Lumber Co., 993 P.2d 11, 20 (Mont. 1999).

IOSHA's instruction to Darling to retain the debris did not create the necessary special relationship contemplated in Murphy to establish a duty. The Estate argues that IOSHA's instruction should produce the same result as in Bondu v. Gurvich, where the Florida District Court of Appeal held that a plaintiff could maintain a third-party spoliation claim against a hospital because a statute required all hospitals to maintain and make available to patients their medical records. 473 So. 2d 1307, 1312 (Fla. Dist. Ct. App. 1984), overruled on other grounds by Martino v. Wal-Mart Stores, Inc., 908 So. 2d 342 (Fla. 2005). In that case the Florida statute created an obligation of the hospital to the patient. In contrast, IOSHA's instruction to retain the

---

[1] See, e.g., Martinez v. Abbott Labs., 356 F. Supp. 2d 898, 903 (N.D. Ill. 2005) (holding that Illinois law does not impose a general duty on employers to preserve evidence, but such "a duty may be created by an agreement, a contract, a statute, or other special circumstances"); Wilson v. Beloit Corp., 921 F.2d 765, 767 (8th Cir. 1990) (holding that Arkansas state law would not recognize a cause of action where the employer had not assumed a duty to preserve machine parts and had not agreed to do so orally or in writing); Coley v. Arnot Ogden Mem'l Hosp., 485 N.Y.S.2d 876, 878 (N.Y. App. Div. 1985) (finding no duty owed by employer to employee where the employer did not promise to inspect or safeguard the evidence for the employee's benefit).

debris made no reference to the need to preserve the evidence for Froman's use in private litigation. Otherwise stated, to the extent IOSHA's request created any duty to preserve the evidence, it was a duty owed to IOSHA not to Froman or his Estate.

The Estate, citing again to Thompson, next argues that the foreseeability of harm caused by the failure to retain the pump supports the recognition of a duty in this case. The Estate contends that an environmental services company should expect that an "explosion-proof" piece of equipment in use at the time of an explosion is reasonably suspect as a cause of that explosion. We agree that an employer would, or at least should, recognize that debris from an explosion may be relevant to a product liability claim, even if the employer assumes that worker's compensation will be the sole remedy against the employer. But the relationship of the parties, not foreseeability, was the central factor in Thompson. In that case, the plaintiff, a six-year-old girl, was mauled by a dog when it broke free from a cable the owner had used to restrain it. Thompson, 704 N.E.2d at 135. After the girl's parents initiated a lawsuit against the owner and the manufacturer of the cable, the owner's liability insurance carrier took possession of the cable but lost it before either the insurance carrier or the plaintiffs were able to test the cable. The mere fact that the insurance carrier deemed the cable important enough to be collected suggests that the loss of that evidence would interfere with the ability to resolve the underlying claim. Darling was not collecting evidence when he gathered his equipment and the debris from the explosion site. Rather, he was cleaning up material already owned and possessed by Midwest. "Mere ownership of potential evidence, even with knowledge of its relevance to litigation, does not suffice to establish a duty to maintain such evidence." Reinbold v. Harris, No. IP 00-0587-C-T/G, 2000 U.S. Dist. LEXIS 16643, at *8 (S.D. Ind. Nov. 7, 2000).

Finally, and most importantly, as in Gribben we think the policy considerations are the controlling factor in refusing to recognize spoliation as a tort under these circumstances. The Estate argues that policy dictates allowing such a tort as to third-party spoliation. Specifically, the Estate claims that recognizing this cause of action would further serve the deterrent policy embodied in the penal code, Indiana Code section 35-44-3-4 (2004). That statute provides that "a person who . . . alters, damages, or removes any record, document, or thing, with the intent to prevent it from being produced or used as evidence in any official proceeding or investigation . . . . commits obstruction of justice." The Estate also points out that the existing remedies cited in

Gribben are not available to plaintiffs faced with the spoliation of evidence by third parties. We agree that evidentiary inferences are not available as a remedy for or deterrent to third-party spoliation. Many of the other remedies remain applicable, however. Criminal sanctions apply equally to third parties and first parties. Similarly, sanctions under the Indiana Rules of Professional Conduct are available if attorneys for the third party are involved in the misconduct. Courts also have the power to issue contempt sanctions against non-parties who frustrate the discovery process by suppressing or destroying evidence. Ind. Trial Rule 37. Perhaps most significantly, the employer is entitled to recover some of its worker compensation benefits if the employee can establish a product liability claim. See Ind.Code § 22-3-2-13. It is in the employer's interest to preserve evidence that may aid in pursuing these subrogation rights against the manufacturer.

The disadvantages we identified in first-party spoliation claims remain concerns as to third-party claims. Proving damages in a third-party spoliation claim becomes highly speculative and involves a lawsuit in which the issue is the outcome of another hypothetical lawsuit. The jury must somehow find all the elements of a product liability case, immediately determining whether a product defect caused the injury, as opposed to inadequate maintenance, or other intervening events. The jury would be asked to determine what the damages would have been had the evidence been produced and what the collectibility of these damages would have been. We think this exercise often could properly be described as "guesswork." Petrik v. Monarch Printing Corp., 501 N.E.2d 1312, 1320 (Ill. App. Ct. 1986) ("It would seem to be sheer guesswork, even presuming that the destroyed evidence went against the spoliator, to calculate what it would have contributed to the plaintiff's success on the merits of the underlying lawsuit."). In addition to these problems, we note that the employee is entitled to worker's compensation, and permitting claims of spoliation by the employer would open the door to satellite litigation against the employer that the WCA is designed to foreclose. Moreover, the extent of the duty to preserve the evidence raises operational issues for the employer. Without a strong showing of need, we should not impose an obligation to retain useless equipment indefinitely or to refrain from repairing equipment necessary to conduct the employer's business.

In sum, we conclude that the problems inherent in recognizing spoliation claims under these circumstances outweigh any perceived advantages.

**Conclusion**

The order of the trial court denying Midwest's motion to dismiss is reversed. The case is remanded with instruction to dismiss the Estate's claim for spoliation.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ., concur.