**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Jul 30 2013, 7:37 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**FRANK D. OTTE**
**JENNIFER F. PERRY**
Clark, Quinn, Moses, Scott & Grahn LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**BRETT E. OSBORNE**
The Osborne Law Firm
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARGARET SMITH, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1211-CT-552 |
| | ) | |
| KRISTOPHER SCHALER, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable John F. Hanley, Judge
Cause No. 49D11-1203-CT-12653

**July 30, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

Margaret Smith ("Smith") appeals the denial of her motion to dismiss Kristopher

Schaler's ("Schaler") complaint pursuant to Indiana Trial Rule 12(B)(6).

We affirm.

## ISSUE

Whether the trial court erred in denying Smith's motion to dismiss.

## FACTS AND PROCEDURAL HISTORY

On March 28, 2012, Schaler filed a complaint naming Smith, Dustin Smith

("Dustin"), and Michael Tucker ("Tucker") as defendants. The complaint included two

counts, with Count I stating the following:

1. That on or about March 29, 2010, [Schaler] was a passenger in a blue Chevrolet Corvette automobile, being operated by [Dustin] and/or [Tucker] traveling on W. Sumner Avenue at or near the Bluff Road Intersection in Indianapolis, Marion County, Indiana;

2. That at said time and place, said Defendant(s) carelessly and negligently operated the motor vehicle off of the roadway and into, inter alia, a tree;

3. After said accident, Defendant, [Smith], came to the scene of the aforementioned accident, in an attempt to, inter alia, alter or hide evidence regarding said accident, in which her son Defendant, [Dustin] was involved, thereby causing further damage and injury to [Schaler];

4. That at the time of the accident, Defendant(s) was/were intoxicated;

5. That as a direct and proximate result of Defendant's [sic] careless and negligent acts and/or omissions, [Schaler] has suffered severe physical injuries, in that said Plaintiff has suffered mental anguish, physical pain, and impairment and in all reasonable probability will

2

suffer physical pain, mental anguish, and impairment in the future. Additionally, [Schaler] has incurred medical bills in the future. Furthermore, [Schaler] has suffered a loss of earnings as a result of the accident, and in all reasonable probability, he will continue to suffer a loss of earning capacity in the future. By reason of the foregoing, [Schaler] has been damaged in an amount to be determined herein . . . .

(App. 39-40).

Count II repeats some of the wording of the previous count, and also states in pertinent part:

7. That Defendant(s) [Dustin] and/or [Tucker], willfully and wantonly drove and with great force and violence, while intoxicated, causing Plaintiff to be severely injured, and each of the defendants, including [Smith], willfully and wantonly altered, hid and/or covered up evidence regarding said accident . . . .

(App. 40-41).

Smith answered by filing a motion to dismiss for failure to state a claim under Indiana Trial Rule 12(B)(6). In pertinent part, the motion states that "the entirety of Plaintiff's Complaint, fails to state a claim upon which relief may be granted against [Smith] because Indiana does not recognize a third-party cause of action on the facts alleged." (App. 10). In her "Brief in Support of Defendant's Motion to Dismiss," Smith alleges that Schaler's claim can only be read as a spoliation of evidence claim and that Indiana does not recognize either a first- or third-party spoliation of evidence claim under the facts of the complaint. The motion also states that the trial court "should dismiss [Schaler's] spoliation of evidence claim against [Smith] for failure to state a claim recognized under Indiana law." (App. 17).

3

A hearing was held on the Smith's motion to dismiss,[1] and the trial court subsequently denied the motion in an August 30, 2012 order. Because the trial court's order was not a final appealable order, Smith filed a motion to certify the order and to stay the proceedings pending appeal. Schaler filed an objection to Smith's motion explaining that the complaint was not claiming spoliation of evidence but instead referred to "further damage and injury" such as "delay in treatment, refusal to call emergency personnel, refusal to notify police, and the like." (App. 23). The objection also claims that Smith's actions "directly and proximately exacerbated [Schaler's] accident-related injuries, and the degree of said exacerbation is the amount of damages for which she was responsible." (App. 23). On October 4, 2012, the trial court issued its "Order Certifying Interlocutory Order for Appeal and Staying Further Proceedings Pending Appeal." (App. 25). On December 6, 2012, this Court accepted jurisdiction of this appeal pursuant to Indiana Appellate Rule 14(B).

## DISCUSSION AND DECISION

Smith contends that the trial court erred in denying her motion to dismiss because the complaint does not state facts giving notice of any recognizable cause of action against her.[2] A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint, not the facts supporting it. *Allen v. Clarian Health Partners, Inc.*, 980 N.E.2d

---

[1] On appeal, Smith did not request a transcript of the motion to dismiss hearing or a reconstruction thereof pursuant to Indiana Appellate Rule 31.

[2] This contention encompasses Smith's references to the viability of first- and third-party spoliation claims.

4

306, 308 (Ind. 2012). Thus, the motion tests whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief. *Id.* In ruling on a motion to dismiss for failure to state a claim, the trial court is required to view the complaint in the light most favorable to the non-moving party with every inference in its favor. *Id.* Our review of a trial court's denial of a motion to dismiss pursuant to Trial Rule 12(B)(6) is de novo. *Id.* Viewing the complaint in the light most favorable to the non-moving party, we must determine whether the complaint states any facts on which the trial court could have granted relief. *Id.* "[W]hile we do not test the sufficiency of the facts alleged with regard to their adequacy to provide recovery, we do test their sufficiency with regard to whether or not they have stated some factual scenario in which a legally actionable injury has occurred." *Lei Shi v. Cecilia Yi*, 921 N.E.2d 31, 37 (Ind. Ct. App. 2010).

Here, the complaint alleges that Smith arrived on the scene after the collision and, among other things, attempted to alter or hide evidence. Her actions allegedly caused "further damage and injury to [Schaler]." (App. 39). Given our standard of review, we cannot say that Schaler fails to allege facts from which additional injuries occurred due to Smith's allegedly intentional or negligent acts. Furthermore, these acts do not pertain solely to a spoliation claim. Smith is on notice that her alleged post-collision actions allegedly caused further damages and injuries, and the details of Smith's actions and Schaler's injuries will be developed during discovery. Accordingly, the trial court did not err in denying Smith's motion to dismiss.

5

Affirmed.

KIRSCH, J., concur.

VAIDIK, J., dissent with separate opinion.



FILED

Jul 30 2013, 7:37 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

MARGARET SMITH,          )
                         )
    Appellant,           )
                         )
        vs.              )          No. 49A05-1211-CT-552
                         )
KRISTOPHER SCHALER,      )
                         )
    Appellee.            )
                         )

**VAIDIK, Judge, dissenting.**

I respectfully disagree with my colleagues that Schaler has pled sufficient facts in his complaint to allege more than an impermissible spoliation-of-evidence claim against Smith. Since spoliation of evidence is not a viable cause of action, *Glotzbach v. Froman*, 854 N.E.2d 337, 339 (Ind. 2006); *Gribben v. Wal-Mart Stores, Inc.*, 824 N.E.2d 349, 350 (Ind. 2005), I would reverse the trial court's denial of Smith's motion to dismiss.

Notice pleading is all that is required in Indiana, and the plaintiff does not have to set forth all of the essential facts and every theory of the case. However, the plaintiff is "required to provide a clean and concise statement that will put the defendant[] on notice as to what has taken place and the theory that the plaintiff plans to pursue." *McQueen v.*

7

*Fayette Cnty. Sch. Corp.*, 711 N.E.2d 62, 65 (Ind. Ct. App. 1999) (internal quotation and citation omitted).

The only facts contained in the pleading that referred to Smith's actions, however, were: "After said accident, Defendant, [Smith], came to the scene of the aforementioned accident, in an attempt to, inter alia, alter or hide evidence regarding said accident, in which her son Defendant, [Dustin] was involved, thereby causing further damage and injury to [Schaler]; . . . ." Slip op. at 2. The majority finds this sufficient to put Smith on notice that all of her alleged post-collision actions caused further damage and injuries to Schaler. While notice pleading is only required to give reasonable notice of the claim, I do not believe that the words "inter alia" are enough to satisfy this requirement.

> To have sufficiently pled a claim, the defendant must be
>
> sufficiently notified concerning the claim . . . so as to be able to prepare to meet it. A complaint's allegations are sufficient if they put a reasonable person on notice as to why a plaintiff sues. Notice pleading merely requires pleading the operative facts so as to place the defendant on notice as to the evidence to be presented at trial.

*Buschman v. ADS Corp.*, 782 N.E.2d 423, 430 (Ind. Ct. App. 2003) (internal citations omitted). "Inter alia" does not provide Smith with enough information so that she could prepare a defense to any claim that she caused injury to Schaler through actions other than altering or hiding evidence.

Put differently, Schaler has only pled a spoliation-of-evidence claim in his complaint and has not given sufficient notice of any other claim. Since spoliation of evidence is not a recognized cause of action in Indiana, I would find that the trial court

8

erred in denying Smith's motion to dismiss. I therefore respectfully disagree with my colleagues.