## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 19 2016, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Beverly R. Newman
Bradenton, Florida

ATTORNEYS FOR APPELLEE

Arthur C. Johnson, II
Steven A. Johnson
Johnson Stracci & Ivancevich, LLP
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Beverly R. Newman, *Appellant-Plaintiff,* <br><br> v. <br><br> Meijer, Inc. *Appellee-Defendant.* | October 19, 2016 <br><br> Court of Appeals Case No. 49A02-1604-PL-843 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable James B. Osborn, Judge <br><br> Trial Court Cause No. 49D14-1010-PL-43302 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Beverly Newman sued Meijer, Inc., claiming she had been injured when she fell at one of its stores. A jury found in favor of Meijer, and Newman appeals, challenging a variety of rulings made by the trial court before and during trial. Finding no error, we affirm.

# Facts and Procedural History

[2] The history of this case is long and complicated, but the basic background is as follows: On October 4, 2008, Newman was walking through a Meijer store in Indianapolis when she stepped in watermelon juice and fell. She later sued Meijer, claiming she was injured in the fall, accusing Meijer of negligence, gross negligence, and negligent infliction of emotional distress, and seeking compensatory and punitive damages. More than seven years after Newman's fall, in March 2016, the case was tried to a jury. Newman requested and was granted permission to represent herself via video-conferencing. The jury concluded that Meijer was not at fault and returned a verdict in its favor.

[3] Newman, still proceeding pro se, now appeals.

# Discussion and Decision

[4] Newman contends that the trial court committed numerous errors before and during trial. We have examined all of Newman's appellate arguments—some of which are clearer than others—and we conclude that each one is either

waived, non-reviewable, or unsupported by the limited record she provided to us.

[5] Newman's primary claim is that the trial court imposed an inadequate sanction in response to discovery violations committed by Meijer. In its pretrial order, the court found that "several documents relative to the October 4, 2008 incident should have been in Meijer's possession and should have been produced in discovery, but were not," including accident reports, the company's policy regarding slips and falls, minutes of a safety meeting, inspection records, personnel records, and video recordings. Appellant's App. p. 18-19. The court said that it "will give the standard spoliation instruction in the final instructions" and that Newman "will be allowed to argue in closing argument that the documents Meijer could have produced, but did not, would have been unfavorable to . . . Meijer's case." *Id*. at 20. Newman argues that this sanction was insufficient and that the trial court should have instead granted her a default judgment.

[6] As Newman observes, our Supreme Court has recognized that spoliation of evidence can significantly hinder an opposing party's case and can therefore justify severe sanctions. *See Gribben v. Wal-Mart Stores, Inc.*, 824 N.E.2d 349 (Ind. 2005). Still, a party asserting that a trial court erred by failing to impose the ultimate sanction of default judgment must overcome two well-established principles. First, trial courts enjoy broad discretion in determining the appropriate sanctions for discovery violations, and we will reverse such a determination only for an abuse of that discretion. *Reed v. Cassady*, 27 N.E.3d

1104, 1111 (Ind. Ct. App. 2015), *reh'g denied*, *trans. denied*. Second, default judgment is an extreme sanction that should be imposed in extreme situations. *See, e.g., Prime Mortgage USA, Inc. v. Nichols*, 885 N.E.2d 628, 649 (Ind. Ct. App. 2008). But there is a more fundamental problem with Newman's claim: she has not provided us with a transcript of the trial, transcripts of the pretrial hearings at which spoliation was addressed, or the text of the spoliation instruction. As a result of this failure, we have no way of reviewing the evidence presented at trial or evaluating whether the sanction chosen by the trial court was sufficient to address Meijer's discovery violations. Therefore, we have no basis on which to conclude that the trial court abused its discretion by declining to enter the litigation-ending sanction of default judgment.

[7] While Newman has not provided us with a transcript of the entire trial, her appendix does include a transcript of Meijer's opening statement. She argues that even if a default judgment was not appropriate before trial, certain inflammatory comments made during that opening statement should have prompted the trial court to enter a default judgment or declare a mistrial. However, as Meijer notes, Newman did not object to any of those comments during trial. Therefore, she waived any such claim. *See, e.g.*, *Gasaway v. State*, 547 N.E.2d 898, 900 (Ind. Ct. App. 1989) (holding that failure to make timely objections to alleged misstatements during opening statement constitutes waiver of error), *reh'g denied*, *trans. denied*.

[8] Newman also contends that Meijer engaged in misconduct when it said during its opening statement that it would be calling certain employees as witnesses but

then failed to actually call them. There is no indication in the record before us that Newman raised this issue with the trial court, so she waived any claim of error in this regard. In any event, Newman does not cite any authority in support of her argument, and it is by no means uncommon for parties to alter their witness strategies as trial proceeds. Furthermore, when Meijer failed to call witnesses it said it would be calling, it did so at its own peril, and Newman was free to highlight this failure during her closing argument.

[9] Next, Newman argues that the trial court abused its discretion by granting two motions in limine filed by Meijer: one seeking to exclude settlement letters sent by Newman's husband/attorney to Meijer before suit was filed, and one seeking to exclude evidence of various government actions taken against Meijer. But the Indiana Supreme Court has made clear that a trial court's ruling on a motion in limine is not itself reviewable on appeal. *See, e.g.*, *TRW Vehicle Safety Sys., Inc. v. Moore*, 936 N.E.2d 201, 216 (Ind. 2010) ("It is only those rulings on admissibility made during trial, not those made on motions in limine, that may be raised on appeal."); *McCarthy v. State*, 749 N.E.2d 528, 537 (Ind. 2001). The purpose of a motion in limine is "'to prevent the proponent of potentially prejudicial matter from displaying it to the jury, making statements about it before the jury, or presenting the matter to a jury in any manner until the trial court has ruled upon its admissibility in the context of the trial itself.'" *Rohrkaste v. City of Terre Haute*, 470 N.E.2d 738, 741 (Ind. Ct. App. 1984) (quoting *Lagenour v. State*, 268 Ind. 441, 376 N.E.2d 475, 481 (1978)), *reh'g denied*, *trans. denied*. As such, the grant of such a motion "is nothing more than

a preliminary order requiring counsel to alert the court during trial to any proposed reference to a matter covered by the granted motion so that the court can make its final ruling on the propriety of the line of questioning." *Id.* To preserve error, a party must do more than object to the grant of the motion; it must, out of the hearing of the jury, propose to ask a certain question at trial and have the court prohibit it. *Id.* Here, Newman has not even alleged that she sought to have the challenged evidence admitted at trial, and she has not provided us with a transcript of the trial. Therefore, there is no evidentiary ruling for us to review.[1]

Newman's final two arguments are that the trial court "abused its discretion by discriminating against [her] throughout the case below on the basis of her disabilities" and "denied [her] due process of law under the federal and Indiana Constitutions[.]" Appellant's Br. p. 44, 49. She does not support these arguments with cogent reasoning or citations to relevant legal authority, as required by Indiana Appellate Rule 46(A)(8)(a). As such, they are waived. *See City of Indianapolis v. Buschman*, 988 N.E.2d 791, 795 (Ind. 2013).

Affirmed.

---

[1] Newman cites three decisions in which Indiana courts have addressed pretrial rulings on motions in limine, but all three decisions arose from interlocutory appeals specifically challenging those pretrial rulings. *See McClain v. State*, 678 N.E.2d 104 (Ind. 1997), *reh'g denied*; *Perry v. Gulf Stream Coach, Inc.*, 871 N.E.2d 1038 (Ind. Ct. App. 2007), *trans. denied*; *Hopper v. Carey*, 716 N.E.2d 566 (Ind. Ct. App. 1999), *trans. denied*. This is not an interlocutory appeal.

Baker, J., and Bradford, J., concur.